Walter P. Silleck, as Surviving Trustee, etc., of Henry G. Silleck, Deceased, and Others, Appellants, *v.* James E. McDonald and Another, Respondents.

First Department, December 9, 1932.

*Charles S. Fettretch,* for the appellants.

*Alexander C. Dick* of counsel [*Meredith McBride* with him on the brief; *Thach, Dick & Burroughs,* attorneys], for the respondents.

TOWNLEY, J.   This is an action brought by plaintiff landlord to recover a balance of unpaid rent, taxes and water rates assessed against the leased premises for a period ending December 31, 1931.

The first defense pleaded is that the defendant lessees should be sued as executors and not in their individual capacity.   The record clearly establishes, however, that these parties took an assignment of the lease in their individual capacity.   In any event, they could not have taken this assignment as executors and bound the estate thereby.   (*Schmittler* v. *Simon,* 101 N. Y. 554; *Austin* v. *Munro,* 47 id. 360; *O'Brien* v. *Jackson,* 167 id. 31.)

The second defense set up in the answering affidavit is that the lease and subsequent agreements have created an ambiguity respecting the amount of rent called for in the lease.   It is established beyond doubt by the documents that not only was the net rental fixed for twenty-one years next succeeding February 1, 1911, at $22,500 per year but that all the prior conditions and covenants of the lease including the agreement to pay taxes and water rates were assumed.

Accordingly, since there is no triable issue, the order should be reversed, with twenty dollars costs and disbursements, and the motion granted for judgment as prayed for in the complaint, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and SHERMAN, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.